**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHRISTOPHER J. LAWLOR,**<br><br>Plaintiff,<br><br>v.<br><br>**ESPN SCOUTS, LLC, et al.,**<br><br>Defendants. | Civil Action Number:<br>2:10-cv-05886<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff Christopher J. Lawlor is a former employee of Defendants ESPN Scouts, LLC and ESPN, Inc. Lawlor asserts that Defendants breached his employment contract. He also asserts a promissory estoppel for wrongful termination, and a New Jersey Law Against Discrimination claim ("NJLAD"). Defendants have filed a motion to dismiss, arguing that the Complaint fails to state a claim. For the reasons elaborated below, Defendants' motion to dismiss will be **GRANTED.**

**II.   FACTUAL BACKGROUND**

Plaintiff entered a two year Services Agreement with Defendants commencing August 15, 2007 and ending August 15, 2009. His first year's salary was $135,000 and his second year's salary was $140,000. The Services Agreement provided Defendants with an option to extend the contract for two additional years, on the same terms, if they exercised their option by giving Plaintiff notice by June 15, 2009. (Doc. No. 5-2, Ex. B.) On or about August 15, 2009, Defendants wrote Plaintiff a letter; this Letter Extension extended the contract until September 30, 2009, but on different terms. Plaintiff signed the letter proposal. (Doc. No. 5-

2, Ex. C.)

## III.   STANDARD OF REVIEW

*Federal Rule of Civil Procedure 12(b)(6).* This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

## IV.   ANALYSIS

*Contract Claim*. Plaintiff's breach of contract claim does not withstand scrutiny. The Services Agreement did not require Defendants to exercise the option, and, indeed, Defendants only sent the proposed Letter Extension after the time for exercising the option had elapsed. In other words, the parties course of dealings does not indicate that the Defendants intended to exercise the option or that the Plaintiff understood the Letter Extension as an attempt to do so. More importantly, the text of the Letter Extension does not purport to be an attempt to exercise the option described in the Services Agreement. Simply put, the Letter Extension, signed by both parties, was a new agreement on new terms. The fact that the Letter Extension's terms significantly differed from the terms of the original Services Agreement does not amount to breach of the terms of the Services Agreement (which already had expired). Again, Plaintiff puts forward no reasoned basis to characterize

the language of the Letter Extension as an attempt to exercise the option in the Services Agreement. It follows that the Services Agreement was not breached. *Celanese Ltd. v. Essex County Improvement Auth.*, 962 A.2d 591 (N.J. Super. App. Div. 2009) (holding that "a court must try to ascertain the intention of the parties as revealed by the language used").

*Promissory Estoppel Claim.* Plaintiff's Complaint asserts a promissory estoppel claim for $5,000. Defendants assert that this claim is factually false and that Plaintiff was, in fact, paid the disputed $5,000. Plaintiff fails to respond in any way to Defendants' argument. Indeed, Plaintiff does not even make a pro forma denial of receipt of payment or seek to stand on the allegations of the Complaint. Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant. *See Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."); *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (holding that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived).

*NJLAD Claim.* It appears that the sole allegation in the Complaint supporting the NJLAD claim is that Defendants "terminated the Plaintiff's contract due to a perception the he was handicap[ped] due to the fact that he is a recovering alcoholic." Compl. ¶ 15. First, Plaintiff's characterization of the sequence of events as a "termination" is conclusory. Plaintiff was not "terminated." Rather, the parties mutually agreed to an extension of Plaintiff's employment through the Letter Extension, and, at some point thereafter, the employment relationship ceased. Plaintiff points to no concrete discriminatory acts by Defendants, nor does he assert what officers of the Defendants knew he was handicapped, how they knew it, or why Plaintiff has reason to believe that Defendants "terminated" him for that reason as opposed to some other non-discriminatory business reason. Such naked allegations, absent any factual specificity, are insufficient under *Twombly*. The facts alleged in the Complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## V.   CONCLUSION

For the reasons elaborated above, Defendants' motion to dismiss is **GRANTED.** This terminates this action.

s/ William J. Martini
**DATE: February 16, 2010**              **William J. Martini, U.S.D.J.**

3